UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

TYSON LEE KILGORE, )
)
          Plaintiff, )
v. ) No.: 16-cv-2327-JBM
)
JOE JASKULA, et al., )
)
          Defendants. )

## MERIT REVIEW ORDER

Plaintiff, proceeding pro se, pursues a § 1983 action arising at the Iroquois County Jail. The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour,* 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States,* 721 F.3d 418, 422 (7th Cir. 2013)(citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations", it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

Plaintiff alleges that on October 8, 2015, he asked "defendant," believed to be medical assistant Joe Jaskula, to provide him a "medical wrap". He claims that defendant ignored the request and refused to provide him medical attention for three

1

days. Plaintiff alleges, further, that on October 11, 2015, an unidentified defendant kicked the chuckhole door, injuring his right hand. He alleges that the defendant also refused to provide him medical attention. Plaintiff alleges that Sheriff Hagen and his Administrative Assistant, Steve Eckersly, "would not allow other jail staff to provide medical attention."

Plaintiff's claim for deliberate indifference to his serious medical need arises under the Due Process Clause of the Fourteenth Amendment as he appears to be a pretrial detainee. *Brownell v. Figel,* 950 F.2d 1285, 1289 (7th Cir. 1991). The standard applied to a pretrial detainee's medical treatment claim is the same deliberate indifference standard applied to convicted prisoners under the Eighth Amendment. *McGee v. Adams*, 721 F.3d 474, 480 (7th Cir. 2013). To allege deliberate indifference a plaintiff must show (1) he had a serious medical need, and (2) defendant was aware and disregarded that need. *Collignon v. Milwaukee County*, 163 F.3d 982, 989 (7th Cir 1998), citing *Farmer v. Haas*, 511 U.S. 825, 837 (1970).

Here, Plaintiff does not plead a serious medical need when he claims only that a "medical wrap" was not provided and that he did not receive treatment for an unspecified hand injury. Plaintiff's complaint is ambiguous as to which of the Defendants refused to provide him the wrap and which refused to provide him care for his hand. Further, his lone statement that Defendants Hagen and Eckersly, "would not allow other jail staff to provide medical attention," fails to allege sufficient facts to put Defendants on notice of the claim against them.

**IT IS THEREFORE ORDERED:**

1) Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff shall have 30 days from the entry of this order to file an amended complaint. Failure to file an amended complaint will result in the dismissal of this case, without prejudice, for failure to state a claim. Plaintiff's amended complaint will replace Plaintiff's original complaint in its entirety. Accordingly, the amended complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted.

2) Plaintiff's motion for recruitment of pro bono counsel [5] is DENIED with leave to reassert if he files an amended complaint.

\_4/10/2017\_    s/Joe Billy McDade
ENTERED    JOE BILLY McDADE
UNITED STATES DISTRICT JUDGE